UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER PRIEL </br></br>　　　　Plaintiff </br></br>　　vs. </br></br> UNITED COLLECTION BUREAU, INC. </br></br>　　　　Defendant | Case Number: </br></br> CIVIL COMPLAINT </br></br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Alexander Priel, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Alexander Priel, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, and Invasion of Privacy by Intrusion upon Seclusion by intruding on one's personal life without just cause.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this district.

### III. PARTIES

4. Plaintiff, Alexander Priel, (hereafter, Plaintiff) is an adult natural person residing in Westlake, Ohio. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

5. Defendant, United Collection Bureau, Inc. (hereafter, Defendant), at all times relevant hereto, is a corporation company engaged in the business of collecting debt, within the State of Ohio and the State of New Jersey with a address located at 820 Bear Tavern Road, West Trenton, NJ 08628.

### IV. FACTUAL ALLEGATIONS

6. On or about June 12, 2012 the Plaintiff received a letter from the Defendant looking for a past due medical consumer debt originally owned by St. John's Medical Center. **See EXHIBIT "A" (notice) attached hereto**.

7. The Plaintiff was said to owe a balance of $1,025.87.

8. During this time the Plaintiff was receiving calls to his personal cell from the Defendant at phone number 866-893-7493.

9. On or about June 22, 2012 the Plaintiff wrote a cease and desist letter to the Defendant via certified mail. **See EXHIBIT "B" (notice) attached hereto**.

10. Despite the cease and desist letter that the Plaintiff wrote and was received by the Defendant on June 25, 2012; the Defendant continued to call the Plaintiff demanding payment on this alleged consumer debt.

11. On or about June 27, 2012 the Plaintiff's father started to receive calls from the Defendant to his personal cell phone looking for the Plaintiff. **See EXHIBIT "C" (notice) attached hereto**.

12. On or about July 2, 2012 the Plaintiff's father received a call from the Defendant at 3:51PM stating they were unable to get in contact with his son regarding a past due medical bill that he owed. **See EXHIBIT "D" (notice) attached hereto**.

13. The Plaintiff's father told the Defendant that the Plaintiff didn't live at the house and did not know how to reach him.

14. The Defendant's agent continued to push for information until the Plaintiff's father finally ended the call.

15. After hanging up, the Defendant called back at 3:55PM and continued to ask for the whereabouts of the Plaintiff. **See EXHIBIT "E" (notice) attached hereto**.

16. The Plaintiff does not reside with his father.

17. The Plaintiff's father is in no way responsible for this alleged consumer debt.

18. As of the date of this filing, Plaintiff continues to receive automated calls from the Defendant.

19. As of the filing of this complaint, Defendant continues to place harassing calls to the Plaintiff's parents' home, the natural consequences of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt due by another.

20. The Defendant and their agent's conduct has become so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their

agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(b): With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time or unusual place or unusual time and place |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. The above paragraphs are hereby incorporated herein by reference.

29. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30. New Jersey recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated NJ state law.

31. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

32. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34. As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

35. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Reasonable attorney's fees and litigation expenses, plus costs of suit;

b. Punitive damages; and

    c.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, P.C.**

**Date: June 18, 2013**    **BY:** */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff
bruce@warren-lawfirm.com